UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AROGANT HOLLYWOOD, et al.,<br>Plaintiffs<br>v.<br>CARROWS CALIFORNIA FAMILY RESTAURANTS, et al.<br>Defendants. | Case No. 2:18-cv-02098-JGB (GJS)<br>**ORDER: ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE; DECLARING PLAINTIFFS TO BE VEXATIOUS LITIGANTS; AND ENTERING PRE-FILING ORDERS** |
| AROGANT HOLLYWOOD,<br>Plaintiff<br>v.<br>CITY OF SOUTH PASADENA, et al.,<br>Defendants. | Case No. 2:18-cv-05607-JGB (GJS)<br>**ORDER: ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE; DECLARING PLAINTIFFS TO BE VEXATIOUS LITIGANTS; AND ENTERING PRE-FILING ORDERS** |

| | | |
|---|---|---|
| 1 | AROGANT HOLLYWOOD, et al., Plaintiffs | Case No. 5:18-cv-01664-JGB (GJS) |
| 2 | | **ORDER: ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE; DECLARING PLAINTIFFS TO BE VEXATIOUS LITIGANTS; AND ENTERING PRE-FILING ORDERS** |
| 3 | v. | |
| 4 | 2200 ONTARIO LLC, et al., Defendants. | |

| | | |
|---|---|---|
| 8 | AROGANT HOLLYWOOD, et al., Plaintiffs | Case No. 5:18-cv-01822-JGB (GJS) |
| 9 | | **ORDER: ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE; DECLARING PLAINTIFFS TO BE VEXATIOUS LITIGANTS; AND ENTERING PRE-FILING ORDERS** |
| 10 | v. | |
| 11 | PUBLIC STORAGE, INC., et al., Defendants. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings, motions, briefing, and other documents filed in these four actions, the Report and Recommendation of United States Magistrate Judge filed on September 17, 2019, in these four actions ["Report"], and Defendants' Request for Clarification filed on October 7, 2019 [Dkt. 60 in Case No. 5:18-cv-01822-JGB (GJS), "Request"]. The deadline for filing Objections to the Report (October 7, 2019) has passed, and Plaintiffs have neither filed Objections nor requested additional time to do so. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of those portions of the Report noted in the Request.

In the Request, Defendants ask that the amount of security to be imposed as recommended in the Report be "clarified." The Court has done so below. In addition, Defendants identify various typographical-type errors in the Report and suggest that the Report be modified to correct them. Having reviewed the Report, the Court finds the identified matters to be innocuous and inconsequential to the

Report's discussion and analysis and declines to make the suggested edits, with the exception of the two items noted below.

Having completed its review, the Court accepts the findings and recommendations set forth in the Report, with the following two exceptions: at page 40, line 19, the reference to "Public Storage Action" is deemed amended to read "2299 Ontario Action"; and at page 64, line 10, the reference to "Public Counsel" is deemed amended to read "Public Storage." While these two matters have no effect on the analysis or conclusions of the Report, the Court makes these amendments for the sake of clarity.

Accordingly, **IT IS ORDERED** that:

(1) As so amended, the Report is accepted;

(2) Both the Motion to Declare Plaintiffs a Vexatious Litigant [*sic*] [Dkt. 7, Case No. 2:18-cv-02098-JGB (GJS)] and the Motion to Declare Plaintiffs Arogant Hollywood and Alison Helen Fairchild as Vexatious Litigants and to Require Security [Dkt. 13, Case No. 5:18-cv-01664-JGB (GJS)], in which the Defendants in all four of the above cases have joined, are GRANTED for the reasons set forth in the Report;

(3) Plaintiffs Arogant Hollywood and Alison Helen Fairchild are hereby declared to be vexatious litigants; and

(4) These four cases remain STAYED pending compliance with this Order and further Order of the Court.

**PRE-FILING ORDERS**

In addition, the Court enters the following Pre-Filing Orders against Plaintiffs Arogant Hollywood and Alison Helen Fairchild:

**First**, to secure the payment of any costs, sanctions, or other amounts which may be awarded against Plaintiffs, they each are ORDERED to post security in each of these four cases, **by no later than December 2, 2019**, as follows:

(1) In *Arogant Hollywood, et al. v. Carrows California Family Restaurants, et al.*, Case No. 2:18-cv-02098-JGB (GJS), Plaintiff Arogant Hollywood shall post security of $1,000 and Plaintiff Alison Helen Fairchild shall post security of $1,000;

(2) In *Arogant Hollywood. v. City of South Pasadena, et al.,* Case No. 2:18-cv-05607-JGB (GJS), Plaintiff Arogant Hollywood shall post security of $1,000;

(3) In *Arogant Hollywood, et al. v. 2200 Ontario LLC, et al.,* Case No. 5:18-cv-01664-JGB (GJS), Plaintiff Arogant Hollywood shall post security of $1,000 and Plaintiff Alison Helen Fairchild shall post security of $1,000;

(4) In *Arogant Hollywood, et al. v. Public Storage, Inc., et al.,* Case No. 5:18-cv-01822-JGB (GJS), Plaintiff Arogant Hollywood shall post security of $1,000 and Plaintiff Alison Helen Fairchild shall post security of $1,000; and

(5) The failure to post such security by the above-noted deadline will result in one or more Orders dismissing the case(s) in which security has not been so posted.

**Second**, in light of Plaintiffs' litigation history and stated intent to file numerous lawsuits in the future,[1] IT IS ORDERED that any pleading submitted by Plaintiffs, or either of them, for the purpose of initiating a new civil action in this District is presumptively barred from filing unless: (1) Plaintiffs concurrently submit with such pleading both a copy of this Order and a motion seeking leave to commence a new civil action; and (2) a District Judge or Magistrate Judge of this Court thereafter grants such leave and directs that the pleading be filed and the new civil case be initiated. To effectuate this Pre-Filing Order, the Clerk of the Court: shall no longer file any case-initiating pleading of any type submitted by Plaintiffs,

---

[1] In fact, on October 2, 2019, after the Report issued, Plaintiffs filed a new civil complaint in Case No. 5:19-cv-01890-JGB (GJS).

4

or either of them, without first obtaining authorization of a District Judge or Magistrate Judge of this Court; and shall present any case-initiating pleading of any type proffered by Plaintiffs, or either of them, first to a District Judge or Magistrate Judge for review prior to filing, along with the required motion for leave to commence a new civil action.

**Third,** as discussed in the Report, in these four cases, Plaintiffs have been violating the Local Rules, and likely California Business & Profession Code § 6125, through Plaintiff Alison Helen Fairchild's delegation of her representation to Plaintiff Arogant Hollywood, and through Plaintiff Arogant Hollywood's ongoing provision and performance of legal services on behalf of Plaintiff Alison Helen Fairchild. Plaintiffs are ORDERED to cease such violations and, in particular, Plaintiff Arogant Hollywood is ORDERED to cease performing legal services on behalf of Plaintiff Alison Helen Fairchild. If Plaintiff Alison Helen Fairchild wishes to continue as a plaintiff in these cases, she must either retain counsel or, if proceeding on a pro se basis, act on her own behalf, including by preparing her own pleadings and other documents to be filed and/or served in the cases, filing her own pleadings and documents, and communicating on her own behalf with defense counsel. The Court directs United States Magistrate Judge Gail J. Standish to issue an appropriate Order requiring Plaintiff Alison Helen Fairchild to submit proof regarding how she intends to proceed with her own representation in this case, whether on a pro se basis or through the retention of counsel, as well as proof that Plaintiff Arogant Hollywood no longer is acting on her behalf.

**IT IS SO ORDERED**

DATED: October 30, 2019

_____
JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE